# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **SANDRA L. GARFINKEL,** | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Henry Equity No. 15151 |
| | ) | |
| **vs.** | ) | |
| | ) | Appeal No. 02A01-9511-CH-00265 |
| **CHARLES LEONARD GARFINKEL,** | ) | |
| | ) | |
| Defendant/ Appellant. | ) | |

**FILED**

**Dec. 3, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## APPEAL FROM THE CHANCERY COURT OF HENRY COUNTY
### AT PARIS, TENNESSEE


### THE HONORABLE WALTON WEST, CHANCELLOR

For the Plaintiff/Appellee:

Steven L. West
McKenzie, Tennessee

For the Defendant/Appellant:

Laura A. Keeton
Huntingdon, Tennessee

**AFFIRMED**



HOLLY KIRBY LILLARD, J.



CONCUR:


ALAN E. HIGHERS, J.


DAVID R. FARMER, J.

**OPINION**

This is a divorce case in which the trial court awarded custody of the parties' minor children to Plaintiff/Appellee, Sandra Garfinkel (Wife), with standard visitation to Defendant/Appellant, Charles Garfinkel (Husband). Husband was ordered to pay child support and rehabilitative alimony for a period of one year. The trial court also held that Wife had not established any appreciation in the value of Husband's separate property during the course of the marriage. Husband appeals the trial court's rulings on child custody, child support and alimony. Wife appeals the trial court's decision regarding Husband's separate property. We affirm on all issues.

The parties in this case met in the early 1980's. Husband has a Master's degree in physics and had been employed in his field, making approximately $40,000 per year. Prior to the parties' marriage, Husband quit his job and began living off income from several rental properties he owned and maintained. Wife was a tenant in one of his properties and was employed by Ohio Central Bell, making approximately $20,000 per year. The parties began living together, and their first child was born in 1982. After the birth of the first child, Wife generated income by babysitting in the home. The parties' second child was born in 1984. Shortly thereafter, they married and moved to Paris, Tennessee.

In 1992, Wife filed for divorce. She began attending college and graduated in 1995. After a bench trial, the trial court issued a lengthy Opinion reviewing the evidence and explaining the reasons for its decisions.

The trial court first addressed the division of marital assets as it related to the parties' real property. Husband had purchased three different rental residences outside Tennessee prior to the parties' marriage. These properties were titled only in Husband's name. The trial court found that these were Husband's separate property. In 1984, the year the parties married, Husband purchased real property in Paris, Tennessee. The funds used to purchase this property were Husband's separate funds. The trial court found this to be Husband's separate property as well.

The trial court then evaluated the evidence presented on the increase in value of these properties during the marriage. As to the properties outside Tennessee, the only evidence presented were the parties' opinions as to the current value of the properties, with no evidence of their value at the time the parties married. The only evidence presented as to the Tennessee property indicated that the value of the property had decreased since its purchase. From this evidence, the trial court

concluded that it was unable to award Wife any appreciation in the value of the properties during the course of the marriage.

The trial court next addressed the issue of the custody of the minor children. The trial court summarized and evaluated the testimony of numerous witnesses, including that of Husband and Wife. The Chancellor also questioned the children in chambers. After considering all of the evidence, the trial court stated:

> Mr. Garfinkel makes no qualms about his desire to remain unemployed. Apparently he plans to provide for his children on a bare subsistence level as his only income is from his rental properties. On the other hand, Mrs. Garfinkel has demonstrated a sense of industriousness in attending college and will obtain a degree in December. It appears she will be in a better position to provide a more appropriate home environment for the children and to more properly provide for the material needs of the children.
>
> The Court is of the opinion Mrs. Garfinkel can also provide more appropriate discipline for the children, especially with the assistance of counselors.

Mem. Op. at 9. Consequently, the trial court awarded custody of the children to Wife and visitation to Husband.

The trial court then discussed the issue of child support. It noted that Husband has the potential to earn income aside from his rental property, particularly in view of his educational level, a Master's degree in physics. The only evidence presented at trial was that Husband earned $40,000 per year when he last worked in 1983. In addition, his annual income from the rental properties at the time of the trial was approximately $10,000 per year. Based on Husband's potential earned income as well as his actual rental income, the trial court set Husband's child support at $900 per month.

Finally, the trial court examined Wife's needs in acquiring a home for herself and the children, and in repaying the student loans incurred to obtain her college degree. In light of Wife's needs and Husband's potential and actual income, as well as Husband's assets, the trial court ordered Husband to pay $1,000 per month in rehabilitative alimony for a period of one year. Husband was also ordered to pay Wife's attorneys fees.

Both parties appealed the trial court's ruling. Wife asserts on appeal that the trial court erred in failing to award her any appreciation in the value of the real property during the course of the marriage. Husband argues that the trial court erred in awarding custody of the children to Wife. He also contends that the trial court erred in fixing the amount of child support based on Husband's

2

potential income. He further disputes the trial court's award of rehabilitative alimony and attorney's fees to Wife.

Tenn. Code Ann. § 36-4-121(b)(1)(B) provides that the term "marital property" includes:

> . . . any increase in value during the marriage, of property determined to be separate property . . . if each party substantially contributed to its preservation and appreciation . . . during the period of the marriage . . . .

The statute further provides that "substantial contribution" can include a spouse's contribution as homemaker, wage earner and parent. Based on these contributions, the trial court in this case found that any increase in the value of Husband's real property would be deemed marital property subject to division. *See Harrison v. Harrison*, 912 S.W.2d 124 (Tenn. 1995). However, the trial court concluded that Wife failed to submit sufficient evidence of an increase in value.

The record indicates that, as to the real property outside Tennessee, there was some evidence of its value at the time of the divorce. However, no evidence was presented regarding the value of the property at the time the parties married in 1984. Consequently, the evidence was insufficient for the trial court to ascertain any increase in value during the marriage. As to the real property in Tennessee, the only evidence presented at trial indicated that the value of this property had decreased. Accordingly, the trial court correctly found that Wife had not carried her burden of proving an *increase* in the value of Husband's separate property. We affirm on this issue.

Husband disputes the trial court's award of custody of the children to Wife. He contends that the parties agreed to be bound by the recommendations of one of the witnesses at trial, Dr. Joyce Marr. Dr. Marr recommended that custody be awarded to Husband, and temporary custody was awarded to Husband based on this recommendation. Wife sought to have the order of temporary custody to Husband set aside, maintaining that she was not adequately advised or represented by her previous attorney and that other evidence demonstrated that she should have custody.

At trial, the Chancellor heard the testimony of Dr. Marr as well as numerous other witnesses, including the parties. In addition, the trial court questioned the children in chambers. In matters relating to child custody,

> Trial courts are vested with wide discretion . . . and the appellate courts will not interfere except upon a showing of erroneous exercise of that discretion. . . . In custody cases, the welfare and best interests of a child are of paramount concern. A determination of a child's best interests must turn on the particular facts of each case.

*Koch v. Koch*, 874 S.W.2d 571, 575 (Tenn. App. 1993)(citations omitted). The trial court

3

considered the recommendation of Dr. Marr but was certainly not bound by her recommendation. From our review of the record as a whole, the evidence supports the trial court's award of custody to Wife.

Husband also appeals the trial court's imputation of income to him for the purpose of determining the appropriate amount of child support. The child support guidelines provide for such imputation of income:

> If an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by educational level and/or previous work experience.

Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(3)(d)(1994).

Husband argues that he is not unemployed, he is self-employed as a landlord. He notes that this has been his status throughout the parties' relationship, and contends that he has a fundamental right to choose the form of livelihood that makes him happy. He maintains that the award of $900 per month is excessive in view of his actual income of $10,000 per year from his rental property.

This issue was examined by this Court in *Ford v. Ford*, No. 02A01-9507-CH-00153, 1996 WL 560258 (Tenn. App. Oct. 3 1996). In *Ford*, the husband had sold his ownership interest in a family business. He was not employed after selling his interest in the business and relied on the income from the proceeds of the sale. The trial court found that the husband was not avoiding employment in order to reduce his child support, and did not impute income to him in setting the amount of child support.

On appeal in *Ford*, this Court found that the term "willfully" in the child support guidelines does not "mean that income may be imputed to an obligor only when he or she becomes unemployed with the intent to avoid child support obligations." *Ford*, 1996 WL 560258, at *3. Since the husband had attended college for three years and had earned substantial income prior to his decision to discontinue working, this Court remanded the case to the trial court to recalculate his child support obligation based on his potential income, considering his educational background and previous work experience.

Thus, the trial court in this case correctly considered Husband's educational background and earnings prior to his decision to discontinue employment, and calculated his child support obligation based on his potential income. We affirm on this issue.

Finally, Husband appeals the trial court's award to Wife of rehabilitative alimony and

4

attorney's fees. Trial courts have broad discretion in determining the amount and duration of alimony. *See Brown v. Brown*, 913 S.W.2d 163, 169 (Tenn. App. 1994). In awarding attorney's fees as well, the trial court has wide discretion and the appellate court will not interfere unless there has clearly been an abuse of that discretion. *Smith v. Smith*, 02A01-9109-CH-00209, 1993 WL 90378, at *6 (Tenn. App. 1993).

In this case, the trial court based its award of rehabilitative alimony and attorney's fees on the following:

> The wife owns no residence. She is to provide a home for her children and has no job as she is not expected to graduate from college until December of this year. She is indebted for a student loan in the approximate amount of $9,000 due in June 1995.
>
> The husband owns rental properties with substantial equity in the properties as well as owning a residence in Henry County. His stock account and retirement plan have an approximate total value of $25,000. He has a master's degree in physics and has the ability to earn an income commensurate with his degree.

Mem. Op. at 10. From our review of the record, there has been no abuse of discretion in the award of rehabilitative alimony and attorney's fees to Wife.

The decision of the trial court is affirmed. Costs are taxed to the Appellant, for which execution may issue if necessary.

_____
_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**