IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

**FILED**

**December 31, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**STATE OF TENNESSEE ex rel.**
**DANA INMAN RION,**

      Respondent-Appellee.

Vs.                                                                No. 01A01-9704-CV-00194
Davidson Circuit No. 92D-94

**PHILIP DURWARD RION,**

      Petitioner-Appellant.

_____

FROM THE DAVIDSON COUNTY CIRCUIT COURT
THE HONORABLE MURIEL ROBINSON, JUDGE

John G. Doak of Nashville
For Appellant

John Knox Walkup, Attorney General and Reporter
Kimberly M. Frayn, Assistant Attorney General
For Appellee

*REVERSED AND REMANDED*

Opinion filed:

                                         **W. FRANK CRAWFORD,**
                                         **PRESIDING JUDGE,W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HEWITT P. TOMLIN, SENIOR JUDGE**

This is a child support case. Philip Rion appeals the order of the trial court which set child support by imputing to ex-wife the average annual income for Tennessee families rather than relying on ex-wife's past earnings and actual earning potential.

The parties were divorced in June, 1992. Mrs. Rion was awarded custody of all three

children of the marriage, and Mr. Rion was ordered to pay $269 per week for their support. After quitting her job in Nashville, Mrs. Rion moved with the children to Texas. Her gross income for 1994, the year before the move to Texas, was over $36,000. In April 1995, the parties agreed to transfer custody of William Rion to Mr. Rion, and the court ordered the transfer effective at the end of the school year. Mr. Rion was ordered to continue paying the full amount of support until custody of William was transferred. Shortly after William moved back to Nashville to be with his father, Mrs. Rion and the other two children returned to Nashville as well. Mrs. Rion moved in with her former employer, but is not currently employed.

In August 1996 (13 months after receiving custody of William), Mr. Rion petitioned the court for child support from Mrs. Rion. Since Mrs. Rion was unemployed, the court, applying the child support Guidelines, imputed income to her of $25,761. Ms. Rion's support obligation was set at $350 per month for the support of William. Mr. Rion's support obligation for the other two children was set at $1,170 per month based on income of $61,800. Mr. Rion was ordered to pay the $820 per month difference to Mrs. Rion. The court calculated retroactive support due from Mrs. Rion based on her actual total income of $17,500 for the years 1994 and 1995. The court set the total support arrearage owed by Mr. Rion at $12,488, but gave him a credit of $3,000 for monies owed to him by Mrs. Rion for William's support.

On appeal, Mr. Rion asserts that the trial court incorrectly imputed the $25,761 earnings amount to Mrs. Rion when evidence of her prior earnings shows a much greater earning potential. He argues that Mrs. Rion is voluntarily unemployed and receives income in kind as a result of her cohabitation with her former employer. Mr. Rion asserts that it was error for the court not to consider her past earnings and true earning potential when calculating both future and retroactive support.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Child support in Tennessee is statutorily governed by T.C.A. § 36-5-101 (1996). Section 36-5-101(e)(1) provides that "[i]n making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection." The Guidelines referenced are

2

promulgated by the Department of Human Services in chapter 1240-2-4 of the *Official Compilation of the Rules and Regulations of the State of Tennessee*. The amount of the child support award is based on a flat percentage of the obligor's net income. "If an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by education level and/or previous work experience." Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(3)(d) (1994). *See Herrera v. Herrera*, 944 S.W.2d 379, 387 (Tenn. App. 1996). Furthermore:

> (e) When establishing an initial order and the obligor fails to produce evidence of income (such as tax returns for prior years, check stubs, or other information for determining current ability to support or ability to support in prior years), and the court has no other reliable evidence of the obligor's income or income potential, gross income for the current and prior years should be determined by imputing annual income of $25,761. This figure represents an average of the median annual income for Tennessee families as provided by the 1990 U.S. Census of Income and Poverty data for Tennessee Counties.

Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(3)(e) (1994).

The plain language of these sections indicates that the median income amount is to be used as a fall back only when the court "has no other reliable evidence of the obligor's income or income potential." We believe that the Guidelines require the court to consider evidence of income in prior years in order to calculate support in cases where the obligor is voluntarily unemployed. When asked to consider evidence of 1994 earnings, the court stated:

> I have to be reasonable in these matters. My interpretation is a little different here. It is really an effort in futility for me to set child support on income of two years ago. Her lawyer made the statement that her potential is between 25 and 28 [thousand dollars], but she has no job at this point. So I am going to impute 25 [thousand dollars]. You can take it up on appeal.

It is precisely because Mrs. Rion has remained voluntarily unemployed for over two years that the court must resort to evidence of income from more than two years ago. If such evidence were ignored, an obligor could remain unemployed or underemployed while being assured that no more than $25,761 could be imputed to her. We believe ignoring this evidence is contrary to the plain language of the Guidelines and could potentially lead to the precise result that this section of the Guidelines is designed to avoid.

This Court addressed a similar situation in the case of *Garfinkel v. Garfinkel*, 945 S.W.2d 744 (Tenn. App. 1996). When the parties met in the early 1980's, Mr. Garfinkel held a Master's degree in Physics and earned approximately $40,000 per year in that field. Prior to

the marriage, Mr. Garfinkel quit his job and began living off income from several rental properties that he owned. Mrs. Garfinkel filed for a divorce in 1992. The trial court awarded custody of the minor children to Wife and set child support based on Mr. Garfinkel's potential earned income as well as his actual rental income. This Court affirmed, holding that when setting child support "the trial court in this case correctly considered Husband's educational background and earnings prior to his decision to discontinue employment." *Id*. at 748.

In *Garfinkel*, the court properly relied on evidence of Husband's income from more than ten years earlier. We hold that in the case before us the trial court should not have disregarded evidence presented regarding Mrs. Rion's previous income. We also note that the Guidelines provide that "[v]ariable income such as commissions, bonuses, overtime pay, dividends, etc., should be averaged and added to the obligor's fixed salary." Tenn. Comp. R. & Regs. ch 1240-2-4-.03(3)(b) (1994). Therefore, bonuses received, or potentially to be received, by Mrs. Rion are proper for consideration by the court when setting prospective support.

Mr. Rion also seeks past support for William beginning in July 1995 when custody was transferred to Mr. Rion. The Guidelines provide that:

> In cases where initial support is being set, a judgment must be entered to include an amount due for monthly support from the date of the child's birth or date of separation or date of abandonment whichever is appropriate, until the current support order is entered. This amount must be calculated based upon the guidelines *using the average income of the obligor over the past two years and is presumed to be correct unless rebutted by either party*. An amount should be included in the order to reduce the arrears judgment on a monthly basis within a reasonable time.

Tenn. Comp. R. & Regs. ch 1240-2-4-.04(1)(e) (1994) (emphasis added). In its order of November 12, 1996, the trial court addressed the amount of retroactive child support due to Mr. Rion for William's support:

> 3. Retroactive child support due the [Respondent] from the [Petitioner] from July 1995 shall be based on the Petitioner's actual income for 1995 and 1996, which amounts to $17,500 for said two year period. Child support based on this income will result in a credit of $3,000.00 against child support due the Petitioner.

Retroactive support due Mr. Rion was thus awarded based upon Mrs. Rion's average income for the two year period of only $8,750 per year. We hold the evidence preponderates against the trial court's finding of income, or income potential, for the two year period in question. On remand, the trial court is instructed to examine evidence of her education and prior earnings to determine Mrs. Rion's true income potential and award retroactive support accordingly.

4

Mr. Rion also asserts that the court should have considered the financial benefit received by Mrs. Rion as a result of her cohabitation with Peter Markham, her former employer, as either some sort of a "gift" or income "in kind." While it is true that gifts and income in kind are to be included in the calculation of gross income, Tenn. R. & Regs. ch 1240-2-4-.03(3)(a), there is no evidence that Mrs. Rion is receiving a place to live as any sort of remuneration for services rendered that would justify attributing the benefit as income in kind. Furthermore, we cannot say that the benefit amounts to a gift. If we were to hold otherwise, courts, applying the same logic, could impute to an obligor's income a portion of his rent or mortgage payment if it was made in part by the new spouse of the obligor. We do not think that is what the drafters of the Code and Guidelines had in mind.

On remand, the trial court is instructed to consider Mrs. Rion's previous work experience and educational background in determining her potential income and calculating future support in accordance with the Guidelines. This potential income should also be used to calculate retroactive support back to July of 1995 when Mr. Rion took custody of William, and should serve to reduce the arrearage owed to Mrs. Rion accordingly. However, if the court finds that application of the Guidelines would be unjust and inappropriate in this particular case, then the court shall state Mrs. Rion's potential income, the amount of support that would have been ordered under the Guidelines, as well as a justification for the variance from the Guidelines. *See* T.C.A. § 36-5-101(e)(1) (1996).

For the foregoing reasons the judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion. The child support orders currently in effect remain valid until further order of the trial court. Costs of the appeal are assessed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**