# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### ASSIGNED ON BRIEFS MAY 24, 2001

## PAMELA JEAN ANNESS v. MICHAEL MARIO CHAPDELAINE, SR.

**Direct Appeal from the Chancery Court for Williamson County**
**No. 20784; The Honorable Russ Heldman, Judge**

---

**No. M2000-01792-COA-R3-CV - Filed September 14, 2001**

---

This appeal arises from the Appellee's filing of a Petition to Change Custody in the Chancery Court of Williamson County. Following a hearing, the trial court entered an Order granting custody of the parties' minor children to the Appellee. The trial court ordered the Appellant to pay child support in the amount of $1,480.00 per month. The Appellant appeals the amount of child support set by the trial court. For the reasons stated herein, we affirm in part, reverse in part, and remand the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

P. Edward Schell, Franklin, TN, for Appellant

Julia E. Stovall, Franklin, TN, for Appellee

## OPINION

### I.  Facts and Procedural History

The Appellant, Michael Mario Chapdelaine, Sr. ("Mr. Chapdelaine"), and the Appellee, Pamela Jean Anness ("Ms. Anness") were divorced in 1993. On October 3, 1996, Mr. Chapdelaine was awarded custody of the parties' children, and Ms. Anness was awarded visitation with the children. On March 14, 2000, Ms. Anness filed a Petition to Modify Custody of the parties' three minor children in the Chancery Court of Williamson County.

The hearing on the Petition was held on April 26, 2000. Mr. Chapdelaine testified that he was employed as a truck driver and was the owner and publisher of a local phone directory. Mr. Chapdelaine testified that his 1999 federal income tax return reflected that his income from both jobs

was $25,385.00. On cross examination, Mr. Chapdelaine testified that he did not earn $900.00 per week truck driving. Rather, Mr. Chapdelaine testified that his truck driving income varied by the week. Mr. Chapdelaine testified that "one week I got around four hundred and something dollars, and then the other one was around $510.00, another one is nine hundred and something dollars." Mr. Chapdelaine testified that, though he was employed as a truck driver, he was not working as a truck driver because he was working on the phone directory. Mr. Chapdelaine testified that every year he worked for three or four months on the phone directory and did not work as a truck driver.

Following the hearing, the trial court found that a substantial and material change of circumstances had occurred but declined to conduct a comparative fitness analysis. The trial court appointed a Guardian ad Litem to conduct an investigation and offer evidence to the trial court. The hearing reconvened on May 22, 2000 at which time the Guardian ad Litem presented her findings to the trial court. Following the hearing, the trial court ordered the parties to file written proposals for child support of the three minor children.

Both Ms. Anness and Mr. Chapdelaine submitted proposals for child support in the event Ms. Anness received custody of the children. Ms. Anness proposed that Mr. Chapdelaine pay $1,480.00 per month in child support. Ms. Anness based this amount on an income of $900.00 per week truck driving and $1,107.84 per month for the phone directory. Ms. Anness claimed that, following the hearing, Mr. Chapdelaine quit his truck driving job so that he would not have to pay child support on that income. Ms. Anness argued that Mr. Chapdelaine was willfully unemployed so that the trial court should set child support based on his ability to earn as a truck driver. Mr. Chapdelaine proposed that he pay $343.00 per month in child support. Mr. Chapdelaine based this amount on his earnings from the phone directory. Mr. Chapdelaine stated that he was no longer truck driving and had no intention of truck driving unless he could be guaranteed a local route. Mr. Chapdelaine claimed that he was not willfully unemployed.

On June 19, 2000, the trial court issued an Order which provided that custody of the children be awarded to Ms. Anness and visitation of the children be awarded to Mr. Chapdelaine. The trial court ordered Mr. Chapdelaine to pay Ms. Anness $1,480.00 per month in child support in accordance with the Tennessee Child Support Guidelines. The trial court based this amount on Mr. Chapdelaine's ability to earn $900.00 per week as a truck driver and his earnings from phone book publishing of $1,107.84 per month. The trial court acknowledged testimony at the hearing that Mr. Chapdelaine was no longer driving a truck but found that Mr. Chapdelaine's ability to earn had not diminished. The trial court stated that Mr. Chapdelaine was willfully and voluntarily underemployed. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R.

APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

### III. Law and Analysis

The following two issues are presented for our review: (1) whether the trial court incorrectly determined the amount of Mr. Chapdelaine's child support obligation; and (2) whether Ms. Anness is entitled to an award of attorney's fees on appeal. We will examine each of these issues in turn.

The first issue presented for our review is whether the trial court incorrectly determined the amount of Mr. Chapdelaine's child support obligation. The trial court found that Mr. Chapdelaine was willfully and voluntarily underemployed. The trial court ordered Mr. Chapdelaine to pay $1,480.00 per month in child support based on his ability to earn $900.00 per week as a truck driver and his earnings from phone book publishing of $1,107.84 per month. Mr. Chapdelaine argues that the evidence presented at the hearing preponderates against the trial court's finding that he had the ability to earn $900.00 per week as a truck driver. Mr. Chapdelaine requests this Court to establish child support based on his income of $25,389.00 as reflected on his 1999 federal income tax return.

In determining child support, courts must apply as a rebuttable presumption the child support guidelines promulgated by the Tennessee Department of Human Services. See TENN. CODE ANN. § 36-5-101(e)(1) (1996). Under the child support guidelines, the amount of child support is calculated based on a percentage of the obligor's net income. See TENN. COMP. R. & REGS. ch. 1240-2-4-.03 (1994). In certain cases, however, the court must compute child support based on a percentage of the obligor's potential income rather than net income. See Brooks v. Brooks, 992 S.W.2d 403, 407 (Tenn. 1999). "If an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by educational level and/or previous work experience." TENN. COMP. R. & REGS. ch. 1240-2-4-.03(d).

In order for the trial court to compute child support based on the obligor's potential income, the court must make a threshold finding that the obligor was willfully and voluntarily unemployed or underemployed. See Marcus v. Marcus, No. 02A01-9611-CV-00286, 1998 WL 29645, at *3 (Tenn. Ct. App. Jan. 28, 1998). There may be an implicit finding of willful and voluntary unemployment or underemployment on the basis of the trial court's ultimate decision. See Ralston v. Ralston, No. 01A01-9804-CV-00222, 1999 WL 562719, at *7 n.7 (Tenn. Ct. App. Aug. 3, 1999) (citing Hyden v. Hyden, No. 02A01-9611-CH-00273, 1997 WL 593800, at *3 (Tenn. Ct. App. Sept. 25, 1997)).

The determination of whether an obligor is willfully and voluntarily unemployed or underemployed is dependent upon the factual background of the case. See id. at *3. Willful and voluntary unemployment or underemployment does not occur solely in cases where the obligor becomes unemployed or underemployed with the intent to avoid child support obligations. See Garfinkel v. Garfinkel, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996) (citing Ford v. Ford, No. 02A01-

9507-CH-00153, 1996 WL 560258, at *1 (Tenn. Ct. App. Oct. 3, 1996)). Cases differ as to whether an obligor is willfully and voluntarily unemployed or underemployed. See Brooks v. Brooks, 992 S.W.2d 403, 407 (Tenn. 1999) (finding that an obligor who sold his successful business and began a cattle breeding operation was willfully and voluntarily underemployed); Marcus v. Marcus, No. 02A01-9611-CV-00286, 1998 WL 29645, at *1 (Tenn. Ct. App. Jan. 28, 1998) (finding that an obligor who was terminated from his job and started an internet business was not willfully and voluntarily underemployed); Garfinkel, 945 S.W.2d at 748 (finding that an obligor who quit his job in physics to live off income from rental properties was willfully and voluntarily underemployed).

In the case at bar, the trial court made an initial determination that Mr. Chapdelaine was willfully and voluntarily underemployed. We agree. In 1999, Mr. Chapdelaine earned $25,385.00 as both a truck driver and owner and publisher of a phone directory. The record reveals that Mr. Chapdelaine quit his job as a truck driver following the April, 2000 hearing. Mr. Chapdelaine's sole income comes from the phone directory at which he made approximately $13,000.00 in 1999. Although Mr. Chapdelaine is disinclined to work as a truck driver, we agree with the trial court's finding that Mr. Chapdelaine possesses the ability to earn an income as a truck driver. Mr. Chapdelaine should not be allowed to lessen his child support obligation simply because he chooses to no longer work as a truck driver. Accordingly, we affirm the trial court's finding that Mr. Chapdelaine was willfully and voluntarily underemployed.

Based on Mr. Chapdelaine's status as willfully and voluntarily underemployed, the trial court set Mr. Chapdelaine's child support obligation at $1,480.00 per month. The trial court based this amount on Mr. Chapdelaine's ability to earn $900.00 per week as a truck driver and his earnings from phone book publishing of $1,107.84 per month. We agree with the trial court's finding that Mr. Chapdelaine earned $1,107.84 per month from phone book publishing. We disagree, however, with the trial court's finding that Mr. Chapdelaine had the ability to earn $900.00 per week as a truck driver. The child support set by the trial court implies that Mr. Chapdelaine had the ability to earn $46,800.00 per year, or $900.00 per week, as a truck driver. We find no evidence of this in the record. Mr. Chapdelaine's 1999 federal income tax return reflected an income of approximately $12,000.00 from truck driving. Mr. Chapdelaine testified that at times he had made $400.00 per week, $500.00 per week, or $900.00 per week. Mr. Chapdelaine testified that he did not consistently make $900.00 per week as a truck driver. We find that Mr. Chapdelaine does not have the ability to earn $900.00 per week. Accordingly, we reverse the trial court's determination of the amount of child support to be paid by Mr. Chapdelaine and remand for a determination of child support based on Mr. Chapdelaine's net income.

The second issue presented for our review is whether Ms. Anness is entitled to an award of attorney's fees on appeal. Ms. Anness requests this Court to award her attorney's fees necessitated by this appeal. In support of her request, Ms. Anness cites section 36-5-103(c) of the Tennessee Code. Section 36-5-103(c) permits a person to whom custody is awarded to recover his or her attorney's fees "incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing."

TENN. CODE ANN. § 36-5-103(c) (Supp. 1999). The decision to award attorney's fees is within the discretion of the court. See id. We respectfully deny Ms. Anness' request for attorney's fees on appeal.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed in part and reversed in part. This case is remanded for a determination of child support based on Mr. Chapdelaine's net income. Costs of this appeal are taxed equally between the Appellant, Michael Mario Chapdelaine, Sr., and the Appellee, Pamela Jean Anness, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE