IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2000 Session

## RHONDA LYN VAUGHAN v. JOSEPH CLYDE VAUGHAN

**An Appeal from the Chancery Court for Williamson County**
**No. I-25665     Jeffrey S. Bivins, Judge**

-----

**No. M2000-00623-COA-R3-CV - Filed August 13, 2001**

-----

This is a divorce case in which alimony is in dispute. The trial court awarded alimony *in futuro* to the wife in the amount of $750 per month until her death or remarriage, and ordered the husband to purchase a $100,000 life insurance policy for the benefit of the wife. The trial court also ordered the husband to pay $1,500 of the wife's attorney's fees. The husband appeals, arguing that alimony *in futuro* was inappropriate because the wife is self-sufficient with her income as a nanny. In the alternative, the husband argues that rehabilitative alimony is more appropriate. We affirm the judgment of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Judy A. Oxford, Franklin, Tennessee, for the appellant, Joseph Clyde Vaughan.

Vincent Zuccaro, Brentwood, Tennessee, for the appellee, Rhonda Lyn Vaughan.

### OPINION

This is a divorce case in which alimony is in dispute. In this case, Rhonda Lyn Vaughan ("Wife") filed for divorce from Joseph Clyde Vaughan ("Husband") in August 1998 after a twenty-one year marriage. At the time of the divorce, Wife was forty-two years of age, and Husband was forty-one. Two children were born of the marriage, both of whom had reached the age of majority by the time of the divorce. In her complaint, Wife alleged that Husband was guilty of inappropriate marital conduct and abandonment.

Wife filed a motion for *pendente lite* support. In support of her motion, she filed an affidavit listing her income and expenses. Her monthly net income totaled $1,574.89, while her monthly expenses totaled $2,371, leaving a monthly shortfall of $796.11. The trial court ordered Husband to pay Wife $500 per month until trial. Subsequently, Wife filed a petition for contempt against

Husband, alleging that he had failed to pay support for two consecutive months. A one-day bench hearing was held on January 21, 2000. Husband did not appear, but was represented at the hearing by counsel. The trial court found that Husband had failed to pay *pendente lite* support and ordered him to pay the arrearage. In addition, without objection from Husband's counsel, the trial court granted Wife a divorce by default on the grounds of Husband's inappropriate marital conduct. The trial court then proceeded with a trial on the issues of property division and alimony.[1]

The statement of the evidence at trial includes the following facts. Wife is a high school graduate[2] and has worked as a nanny for the past several years, earning an annual income in the lower $20,000 range. Wife is satisfied with her vocation and has not pursued other avenues of employment or career advancement. The statement of evidence does not indicate whether Wife has any special skills that would allow her to earn more income. Wife's counsel offered exhibits showing that Husband worked as a restaurant manager, earning from $45,000 to $55,000 annually, including bonuses and stock options. In a deposition prior to trial, Husband stated that he had only a high school diploma, but at trial, Wife introduced into evidence Husband's resume, in which he claimed to have a Bachelor of Science degree in Hotel and Restaurant Management from the University of Missouri. At trial, Husband's counsel introduced evidence that Husband had been recently terminated from his job as a restaurant manager. Husband's employment was apparently terminated because he turned in falsified numbers on inventory sheets and hired his girlfriend and his roommate to clean the restaurant, charging $1,600 per month for their services, without the permission of his supervisor.

On February 16, 2000, the trial court entered an order dividing the marital estate and awarding Wife alimony. The order states that, considering Wife's age, and her lack of education or special skills, as well as the length of the marriage, the trial judge believed that Wife "cannot easily be rehabilitated." Husband had management experience and training and, consequently, more earning power. The trial court ordered Husband to pay Wife $750 per month in alimony *in futuro* until Wife's death or remarriage. The trial court also ordered Husband to purchase and maintain a $100,000 life insurance policy with Wife as the beneficiary. Finally, the trial court ordered Husband to pay $1,500 toward Wife's attorney fees. From this order, Husband now appeals.

---

[1] There is no transcript of the proceedings below included in the record. At trial, Husband declined to share in the *per diem* costs for a court reporter, and Wife paid for a court reporter. On appeal, Husband hired new counsel, who requested a copy of the trial transcript. Wife refused, since Husband elected not to share in the court reporter costs. The trial court denied Husband's motion to let him pay half of the court reporter costs and thus obtain the trial transcript. Subsequently, Husband filed a statement of the evidence pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure, to which Wife did not object. Consequently, we accept Husband's statement of the evidence as a "fair, accurate and complete account" of what transpired in the trial court. *See* Tenn. R. App. P. 24(c). On appeal, Wife attached a copy of the trial transcript to her brief. However, it is not part of the record and will not be considered on appeal. *See* Tenn. R. App. P. 13(c).

[2] Wife's complaint for divorce asserted that she had only completed the tenth grade. The statement of evidence prepared by Husband's lawyer on appeal, who did not represent Husband at trial, states that Wife testified that she was a high school graduate.

On appeal, Husband argues that the trial court erred in awarding Wife alimony *in futuro* when the evidence showed that Wife was satisfied with her employment at the time of trial and was self-sufficient. If alimony of any type is warranted, Husband argues, the trial court should have awarded rehabilitative alimony, because although Wife cannot "easily" be rehabilitated, the possibility for rehabilitation does exist, and rehabilitative alimony is preferable to alimony *in futuro*. Husband also argues that the trial court erred by requiring him to maintain a life insurance policy to ensure that Wife would receive alimony. Lastly, Husband takes issue with the trial court's decision to award Wife $1,500 in attorney's fees.

An appeal from a bench trial is reviewed *de novo*, with a presumption of correctness in the factual findings of the trial judge. *See* Tenn. R. App. P. 13(d). Questions of law are reviewed *de novo* with no presumption of correctness. *See Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn. 1996).

The trial court has broad discretion in deciding whether spousal support is needed and, if so, its nature, amount, and duration. *See Fraysier v. Fraysier*, No. E2000-02485-COA-R3-CV, 2001 WL 194351, at **3 (Tenn. Ct. App. Feb. 27, 2001) (citing *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998); *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996)). "Appellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Kinard*, 986 S.W.2d at 234.

Tennessee Code Annotated § 36-5-101(d)(1) states that rehabilitative alimony for a limited period of time is preferable to alimony *in futuro*. *See* Tenn. Code Ann. § 36-5-101(d)(1) (Supp. 2000). However, section 36-5-101(d)(1) also provides:

> Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3).

*Id.* Section 36-5-101(d)(1) sets forth the relevant factors for determining the nature, amount, and duration of spousal support, as follows:

> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
>
> (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

*Id.* In deciding whether to award alimony *in futuro* or rehabilitative alimony, the trial court must first make a finding as to whether it is "feasible" to economically rehabilitate the disadvantaged spouse through rehabilitative alimony. *See Dempsey v. Dempsey*, No. M1998-00972-COA-R3-CV, 2000 WL 1006945, at *4 (Tenn. Ct. App. July 21, 2000). If not, then an award of alimony *in futuro*, or periodic alimony, is justified. *See Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000).

In the case at bar, Husband argues that the trial court erred in awarding alimony *in futuro* because the disparity in his income and Wife's income is relatively small, and his ability to pay alimony to Wife is limited by his expenses. Further, he maintains that Wife is capable being self-sufficient on her level of income, and that alimony *in futuro* is therefore inappropriate. In the alternative, Husband argues that rehabilitative alimony for a limited period of time is more appropriate than alimony *in futuro*.

The disparity in Husband's and Wife's income is not enormous, but it is significant. Wife has an earning capacity of $20,000 to $25,000, while Husband has earned between $45,000 and $55,000 during the last few years of the marriage. Husband's behavior apparently resulted in the termination of his employment, but there is nothing in the record to suggest that Husband will not be able to use his experience and training to obtain another job earning roughly the same income. Giving due deference to the trial court's broad discretion in determining whether spousal support is needed, we find no error in the trial court's decision that Wife is entitled to alimony in some form.

We next consider whether the trial court should have awarded rehabilitative alimony, as opposed to alimony *in futuro*. As noted above, in determining the form and duration of alimony, the trial court should first make a finding as to whether the economically disadvantaged spouse can be rehabilitated. In the case at bar, the trial court considered the length of the parties' marriage, as well as Wife's ability to obtain further education and job skills to increase her earning capacity. The trial court also considered Husband's potential "to earn significantly more in future income and benefits." Considering all of the applicable factors, the trial court concluded that Wife "cannot easily be rehabilitated." While the language used by the trial court could have been more precise, this statement amounts to a finding that rehabilitation is not feasible. The evidence does not preponderate against this conclusion. We affirm the trial court's decision to award Wife alimony *in futuro* of $750 per month until her death or remarriage. The trial court's decision to require Husband to purchase and maintain a life insurance policy with Wife named as beneficiary is also affirmed.

Husband also argues that the trial court erred in ordering Husband to pay Wife $1,500 toward her attorney's fees. The trial court has discretion to award attorney's fees in divorce cases, and such awards are treated as alimony. ***See Kincaid v. Kincaid***, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995). We find no abuse of discretion in the trial court's decision to award Wife $1,500 for her attorney's fees.

Wife has requested that this Court award her attorney's fees incurred in defending this appeal. This request is denied.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, Joseph Clyde Vaughan, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE