IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2014 Session

## DEBORAH EVANS WILHOIT v. GARY DENNIS WILHOIT

**Appeal from the Chancery Court for Sumner County**
**No. 2009D446     Tom E. Gray, Chancellor**

**No. M2013-01499-COA-R3-CV - Filed June 9, 2014**

Husband filed a petition to terminate his alimony obligation, asserting that he sold his dental practice following the entry of the final divorce decree for health reasons, as a result of which he was unable to pay alimony because his only income was social security benefits. The trial court found that husband's retirement constituted a material and substantial change of circumstances, but declined to modify his obligation. Husband appeals the denial of his petition and wife appeals the denial of her request for attorney fees. We affirm the decision in part, reverse in part and remand for further consideration.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., and DON R. ASH, SR. J., joined.

Russell E. Edwards and Michael W. Edwards, Hendersonville, Tennessee, for the appellant, Gary D. Wilhoit.

Joseph Y. Longmire, Jr., Hendersonville, Tennessee, for the appellee, Deborah Evans Wilhoit.

## OPINION

Gary Wilhoit ("Husband") and Deborah Wilhoit ("Wife") were divorced on April 29, 2011 after forty-two years of marriage. The final divorce decree provided *inter alia*, that Husband would pay $4,500.00 per month as alimony *in futuro* and transitional alimony "in

the nature of her current or comparable health insurance for the Wife until she reaches the age of sixty-five (65), when at such time she will be eligible for Medicare."[1]

Husband sold his dental practice in April of 2012; on May 30 he filed a petition to terminate his alimony obligation, asserting that a substantial and material change in circumstances had occurred as a result of the sale of his practice and that he was no longer able to pay the support as previously ordered. Wife answered the petition, requesting that the court dismiss the petition and award her attorney fees.

A hearing was held on April 9, 2013 and on June 4 the court entered an order declining to terminate or modify the alimony. The court found that Husband had suffered a heart attack in 2005 and that he sold his dental practice and retired after the divorce due to his heart disease; the court held that his retirement was reasonable and constituted a material and substantial change of circumstances. The court also determined that Wife had a need for support and Husband had the ability to pay.

Husband appeals, asserting that the court erred in refusing to terminate or modify the alimony *in futuro* obligation. Wife also appeals, contending that the court erred in denying her application for attorney fees.

**DISCUSSION**

*A. Standard of Review*

We review the trial court's specific findings of fact *de novo* in accordance with Tenn. R. App. P. 13(d); thus, when the trial court has set forth its factual findings in the record, we will presume the correctness of those findings unless the evidence preponderates against them. *Id.* A trial court's decision regarding modification of a spousal support award is 'factually driven and calls for a careful balancing of numerous factors.'" *Bordes v. Bordes*, 358 S.W.3d 623, 627 (Tenn. Ct. App. 2011). We decline to second-guess a trial court's decision to modify support absent an abuse of discretion. *Robertson v. Robertson*, 76 S.W.3d 337, 343 (Tenn. 2002)). An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011) (citing *Wright ex rel.*

---

[1] On August 4, 2011 the court amended the final decree to specify that the "health insurance obligation" was $550.00, that the obligation was modifiable, and that it would be reduced when Wife became eligible for medicare/medicaid. The order further provided that the $4,500.00 per month alimony *in futuro* would be reduced by the net amount of Wife's social security benefits when she began receiving them.

*Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010)).

### B. Modification of Alimony in Futuro

A party seeking a modification of alimony *in futuro* must satisfy two requirements. First, the petitioner must establish that a substantial and material change in circumstances has occurred since the entry of the original support decree. *Bogan v. Bogan*, 60 S.W.3d 721, 727–28 (Tenn. 2001) (citing Tenn. Code Ann. § 36-5-101(a)(1)). Second, the person seeking modification must establish that modification is warranted. *Id*. at 730. In determining what, if any, modification may be appropriate, the court is to consider the factors at Tenn. Code Ann. § 36-5-121(i). *Bordes*, 358 S.W.3d at 629. Although the court must consider all factors under the statute, the two most important considerations in modifying a spousal support award are the financial ability of the obligor to provide the support and the financial need of the party receiving the support. *Bogan,* 60 S.W.3d at 730. While the need of the receiving spouse is the most important factor in addressing an initial award of support, when deciding whether to modify an award, the need of the receiving spouse and the ability of the obligor to provide support must be given at least equal consideration. *Id.* Because the court did not consider all appropriate factors, we reverse the order denying Husband's petition and remand for reconsideration.

Husband argues that Wife no longer needs alimony because she lives with her mother and has adequate funds to live on, including cash, gold, an IRA, and social security benefits; he also contends that he is unable to pay alimony because, as a result of the sale of his practice, his only income is from social security.

The court made the following findings in concluding that Wife had a need for support:

As expenses [Wife] showed a total of $2,583.00 per month. Listing her expenses she did not show any amount for shelter. In her testimony she said she tried to pay her mother $1,100.00 per month but did not have the money. Adding the $1,100.00 for shelter she has expenses of $3603.00 per month.[2]

___

[2] The items of expense contained in Wife's Affidavit of Income and Expenses, which was introduced as exhibit 14, total $2,583.00 and include expenses for vehicles, food, healthcare and "personal"; the affidavit notes that Wife lives with her mother "to help provide daily assistance to her in her 'senior years' and contributes funds to the routine expenses of the household". The affidavit does not set an amount of Wife's contribution but characterizes these expenses as "variable"; Wife testified that the amount she paid was $1,100.00. The discrepancy between the total expense of $3,683.00 achieved by adding these two figures and the $3,603.00 for expenses found by the court is not explained in the record. In addition, Wife testified that she has other monthly expenses including $162.70 for her cell phone and $1,300.00 for a monthly

The finding that Wife had expenses of $2,583.00 per month is supported by her affidavit; the finding that Wife had a shelter expense of $1,100.00 per month, however, has no support in the record. Wife testified that the $1,100.00 to which the court referred was an average of money she contributed to the care of her mother, primarily paying her mother's sitters and other vendors. Wife did not testify or submit other evidence that she was paying her mother a specific amount for rent or lodging. Further, in determining that the amount of Wife's need was $3,603 per month, the court did not consider the $956.00 in social security benefits that Wife receives.[3]

Husband also argues that Tenn. Code Ann. § 36-5-121(f)(2)(B)(ii)[4] creates a presumption–which has not been rebutted–that Wife's mother is receiving support from Wife and, as a consequence, Wife does not need the amount of support previously awarded. Wife's testimony that she lives with her mother and contributes to her mother's support is sufficient to invoke the statutory presumption that she does not need the level of support previously ordered and that the obligation should be modified; this was not addressed by the court.

Husband introduced his Monthly Expense Statement as exhibit 5, which showed expenses of $9,123.00, including the $4,500.00 alimony payment.[5] Husband testified that he received $2,060.00 per month in social security benefits and that he had the following

---

storage facility. Wife does not appeal the determination that her need is $3,603.00 per month.

[3] As held previously, the finding that Wife had a need of $3,603.00 is not supported by the evidence. Using the $2,583.00 as reflected in exhibit 14 for her expenses and deducting her income from social security, the starting point in determining the amount of her need would be $1,627.00 per month.

[4] Tenn. Code Ann. § 36-5-121(f)(2)(B)(ii) provides:

(B) In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is raised that:
* * *
(ii) The third person is receiving support from the alimony recipient and the alimony recipient does not need the amount of alimony previously awarded and the court should suspend all or part of the alimony obligation of the former spouse.

[5] As noted *supra* footnote 1, the final divorce decree had been amended to provide that the $4,500.00 monthly alimony would be reduced by the amount of Wife's social security benefits when she began receiving them. Proof at the April 9, 2013 hearing was that Wife began receiving $956.00 in social security benefits in July of 2012 but that she did not inform Husband that was she receiving these benefits; as a result, she had been receiving both the $4,500.00 alimony payment and $956.00 social security payment since July 2012. At the hearing, Husband requested that he be reimbursed for the overpayments; the court advised that it would address the matter in its order but did not do so.

4

other assets: gold worth $56,121.00, an IRA valued at $29,000.00, and three checking accounts totaling approximately $96,000.00.

Pursuant to Tenn. Code Ann. § 36-5-121(i)(7) the separate assets of each party are to be considered by the trial court in determining whether an award of alimony should be modified. *Osasek v. Osasek*, No. M2011-00984-COA-R3-CV, 2012 WL 729880 (Tenn. Ct. App. March 6, 2012). In holding that Wife demonstrated a need for support, the court did not address evidence that Wife had other assets including $88,000.00 in a savings account and $61,925.00 in gold she was awarded in the divorce.[6] The court did not make any factual findings relative to Husband's assets when it held that Husband had the ability to pay alimony; neither did the court make a finding of a specific amount that Husband could pay.[7]

Accordingly, we reverse the dismissal of Husband's petition and remand the case for reconsideration. On remand the court should consider each party's assets and the effect of Tenn. Code Ann. § 36-5-121(f)(2)(B)(ii) in determining Wife's need for alimony, the amount of alimony, and Husband's ability to pay. In addition, the court should address Husband's request that he be reimbursed for overpayments of alimony.

## C. An Award of Attorney Fees to Wife

An award of attorney fees in a divorce case constitutes alimony *in solido* and the decision of whether or not to award attorney fees is within the sound discretion of the trial court. *Gonsewski*, 350 S.W.3d at 113; Tenn.Code Ann. § 36–5–121(h)(1) ("alimony in solido

---

[6] Evidence at the hearing included Wife's testimony that she had cashed out the $35,000.00 IRA which she was awarded in the divorce and testimony from her deposition that she sold some of the gold for a total of $47,960.00; she did not testify as to the value of the gold which she retained.

[7] An obligor is not required to liquidate all assets in order to pay support. *See Bowman v. Bowman*, 836 S.W.2d 563 (Tenn. Ct. App. 1991). In *Bowman*, this court affirmed the finding that the obligor established a change of circumstance when he showed that he was no longer employed as the result of surgery in which a cancerous kidney was removed; we also affirmed the finding that the parties had assets that could be liquidated for the obligee's support. While holding that the obligation should not be terminated as requested by the obligor, we modified the award, stating the following:

> We are of the opinion, however, that Mr. Bowman's ability to pay spousal support will not continue indefinitely. He is unable to work and, if he is forced to liquidate all of his assets in order to pay spousal support, he soon would have nothing from which to support himself. We are therefore of opinion that spousal support should terminate no later than one (1) year from the date of this opinion.

*Bowman*, 836 S.W.2d at 569.

5

may include attorney fees, where appropriate"). The decision to award or not award fees will not be disturbed upon appeal unless that discretion has been abused. *Yount v. Yount*, 91 S.W.3d 777, 783 (Tenn. Ct. App. 2002); *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996). In her brief, Wife states that she cannot afford to pay her attorney fees, however, she does not state how the court abused its discretion in denying her request. We have reviewed the record and find no basis to conclude that the court abused its discretion; therefore we affirm the trial court's denial of Wife's request for an award of fees.

Wife also requests an award of fees incurred in defending this appeal. An award of fees on appeal is within this Court's sound discretion. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). In determining whether to award attorney's fees on appeal, we consider the ability of the party seeking the fee award to pay such fees, success on appeal, whether the appeal was taken in good faith, and any relevant equitable factors. *Darvarmanesh v. Gharacholou*, No. M2004-00262-COA-R3-CV, 2005 WL 1684050, at \*16 (Tenn. Ct. App. July 19, 2005). Considering these factors, we decline to award Wife fees for the appeal.

## CONCLUSION

For the foregoing reasons we affirm the court's holdings that Husband has shown a substantial and material change of circumstance and the denial of Wife's request for attorney fees.[8] We reverse the court's judgment dismissing the petition and remand the case for reconsideration in accordance with this opinion.

_____
RICHARD H. DINKINS, JUDGE

---

[8] Wife asserts in her brief that the court was "incorrect" in finding a substantial and material change of circumstance; she does not appeal the holding. We have reviewed the evidence and determined that it does not preponderate against the holding.

6