IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 20, 2001 Session

## JODIE MARIE CRONE WILLIS v. ALAN CURTIS WILLIS

**Direct Appeal from the Circuit Court for Dyer County**
**No. 92-192     J. Steven Stafford, Chancellor**

_____

**No. W2000-01613-COA-R3-CV - Filed June 18, 2001**

_____

Father petitioned the court for a reduction in his child support obligation based upon a significant variance between his former salary and his current salary. The trial court determined Father to be voluntarily underemployed. The trial court imputed Father's base salary as potential income but did not impute Father's overtime pay. As a result, the trial court reduced Father's child support obligation by ten dollars per week. We affirm the trial court's determination that Father was voluntarily underemployed; however, we reverse and remand the trial court's determination of Father's potential income.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, joined.

Timothy Boxx, Tiptonville, Tennessee, for the appellant, Alan Curtis Willis.

James A. Hamilton, III and Gary H. Nichols, Dyersburg, Tennessee, for the appellee, Jodie Marie Crone Willis.

**OPINION**

Alan Willis (Mr. Willis) married Jodie Crone Willis (Ms. Willis) on January 5, 1990, and in July of 1990, Ms. Willis gave birth to twin girls. The parties were divorced in November of 1992, and Ms. Willis was granted custody of the twins. At the time of the divorce, Mr. Willis was employed by the Dyer County Sheriff's Department and was earning $15,500.00 per year. He was ordered to pay child support in the amount of $180.00 on the 15th and 30th of every month.

After the divorce, Mr. Willis accepted a job with World Color Press. He left this position in 1996 and accepted a position with Bekaert in which he earned $10.00 per hour. In 1996, Mr. Willis' child support obligation was increased to $160.00 per week. In 1998, Mr. Willis returned

to work for World Color Press after the company offered him a base salary of $30,700.00 and time and a half for overtime work. In 1998, Mr. Willis earned $45,698.00 at World Color Press, and in 1999, he earned $49,041.76, which included his base salary of $30,700.00 plus pay for approximately 860 hours of overtime. In 1999, Mr. Willis married Summer Willis, a school teacher who earns $26,500.00 per year. In March of 2000, Mr. Willis voluntarily left World Color Press to accept a position with the Covington Police Department. Mr. Willis earns $10.21 per hour as a patrolman, which equates to $21,236.80 per year based upon a forty-hour week.

In April of 2000, Mr. Willis petitioned the court for a reduction in his child support obligation based upon the significant variance between his World Color Press income and his income as a police officer. After a hearing on the matter, the court determined that a significant variance existed between what Mr. Willis currently earned as a police officer and what he earned at World Color Press. Further, the court determined that Mr. Willis was voluntarily underemployed. The court then calculated Mr. Willis' child support obligation based upon his base salary at World Color Press, or $30,700.00, because it determined that $30,700.00 was Mr. Willis' median earning ability based upon his lifestyle. The court then reduced Mr. Willis' obligation from $693.00 per month to $650.00 per month. This appeal followed.

The issues on appeal, as we perceive them, are as follows:

1.      Whether the trial court erred in ruling that Mr. Willis was voluntarily underemployed.

2.      Whether the trial court erred in imputing, as potential income, Mr. Willis' base salary of $30,700.00 from World Color Press.

Because this matter was tried before the court sitting without a jury, our review of the trial court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). As the issues regard questions of law, our review is *de novo* with no presumption of correctness. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); Tenn. R. App. P. 13(d).

Upon petition for modification of child support obligations, trial courts must increase or decrease support obligations upon a showing of a significant variance between the amount of support provided in the child support guidelines and the amount of support currently ordered unless such variance was the result of a previous court-ordered deviation and the circumstances causing the deviation have not changed. *See* Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 2000). A significant variance is defined as "at least 15% if the current support is one hundred dollars ($100.00) or greater per month and at least fifteen dollars ($15.00) if the current support is less than $100.00 per month." *See* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.02(3) (1994). In cases where a downward modification is sought, such a variance supports modification unless the obligor is willfully and voluntarily unemployed or underemployed. *See id.* It should be noted that the term "willfully," as it is used in the guidelines, does not mean that the party accepting a lower paying job or the

-2-

unemployed party intended to reduce or avoid his child support obligation through his unemployment or underemployment. *See Garfinkle v. Garfinkle*, 945 S.W.2d 744, 747 (Tenn. Ct. App. 1996).

In the instant case, it is undisputed that a significant variance exists. Whether Mr. Willis is voluntarily underemployed is disputed. We turn now to that issue.

### *Voluntarily Underemployed*

Whether a party is willfully and voluntarily underemployed is a fact question, and the trial court has considerable discretion in its determination. *See Brooks v. Brooks*, 992 S.W.2d 403, 409 (Tenn. 1999) (Birch, J. dissenting). In making its determination, the trial court must consider the party's past and present employment and whether the party's choice to accept a lower paying job was reasonable and made in good faith. *See Ralston v. Ralston*, No. 01A01-9804-CV-00222, 1999 WL 562719, at *3 (Tenn. Ct. App. Aug. 3, 1999) (*no perm. app. filed*). However, when a party with child support obligations voluntarily leaves his employment and chooses to accept a job which provides significantly less income, courts are inclined to find willful and voluntary underemployment. *See Brooks*, 992 S.W.2d at 407. Additionally, when a party testifies that he has the ability to earn a greater income, courts have determined that constitutes evidence of willful underemployment. *See Anderson v. Anderson*, No. 01A01-9704-CH-00186, 1998 WL 44947, at *4 (Tenn Ct. App. Feb. 6, 1998) (*no perm. app. filed*); *Beem v. Beem*, No. 02A01-9511-CV-00252, 1996 WL 636491, at *1 (Tenn. Ct. App. Nov. 5, 1996) (*no perm. app. filed*); *Riley v. Riley*, No. 03A01-9480-CH-00268, 1995 WL 311331, at *1 (Tenn. Ct. App. May 22, 1995) (*no perm. app. filed*); *Gutknecht v. Gutknecht*, No. 01A01-9101-CH-00015, 1991 WL 79560, at *1 (Tenn. Ct. App. May 17, 1991) (*no perm. app. filed*). Although we realize that a person has a right to pursue happiness and to make reasonable employment choices, an obligor parent will not be allowed to lessen his child support obligation as a result of choosing to work at a lower paying job. *See Garfinkle*, 945 S.W.2d at 744.

In the instant case, Mr. Willis testified that he previously worked for World Color Press, earning a base salary of $30,700.00. As evidenced by his tax returns, Mr. Willis earned $45,698.00 from World Color Press in 1998, and $49,041.76 in 1999. Mr. Willis further testified that he voluntarily accepted the position with the Covington Police Department because that is what he always wanted to do and because he was dissatisfied with his job at World Color Press. Mr. Willis currently earns $10.21 per hour as a patrolman, which equates to $21,236.80 per year based upon a forty-hour week. Although we note that Mr. Willis has a right to seek more fulfilling employment, we are aware of the fact that Mr. Willis has the ability to earn, at a minimum, $30,700.00 per year. Based upon the foregoing facts and law, we find that the trial court did not err in finding Mr. Willis to be voluntarily underemployed. We affirm the trial court's ruling on this issue.

### *Previous Base Salary as Potential Income*

Where an obligor parent is found to be willfully and voluntarily underemployed, his child support obligation is based upon his "potential income, as evidenced by educational level and/or previous work experience" rather than his actual income. Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(3)(d) (1994); *see also Watters v. Watters*, 22 S.W.3d 817, 820-21 (Tenn. Ct. App. 1999). Overtime payments are to be averaged and added to the obligor's fixed salary when calculating child support awards. *See* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(3)(b) (1994).

An obligor parent's potential income is a question of fact. *See Renick v. Renick*, No. 01A01-9007-CV-00263, 1991 WL 99514, at *6 (Tenn. Ct. App. June 12, 1991) (*perm. app. denied*). Here, the facts demonstrate that Mr. Willis earned his GED (TR, V2, p.9) and completed two semesters of college. He further testified that he previously earned a base salary of $30,700.00 at World Color Press and was paid overtime calculated at time and a half. In 1998, Mr. Willis earned his base salary and overtime pay for a total income of $45,698.00. In 1999, Mr. Willis earned his base salary in addition to approximately 860 hours of overtime, for a total income of $49,041.76 according to his tax return.

From the record, we determine that Mr. Willis has the ability to earn a base salary of $30,700.00 per year. Per the guidelines, however, child support awards are to be based upon the obligor's income, which includes base salary as well as an average of the obligor's overtime pay. Because we determine that Mr. Willis' potential income should include the average of Mr. Willis' overtime over the course of his employment with World Color Press as well as his base salary of $30,700.00, we reverse the trial court's ruling that Mr. Willis' support obligation be based upon a potential income of $30,700.00. Accordingly, we remand this case for a determination of Mr. Willis' potential income in accordance with this opinion.

### *Conclusion*

For the foregoing reasons, we affirm the trial court's ruling that Mr. Willis was voluntarily underemployed for purposes of his child support obligation. We reverse the trial court's ruling imputing Mr. Willis' base salary of $30,700.00 as potential income as we have determined that his potential income should also include his averaged overtime pay. We remand this case to the trial court for a determination of Mr. Willis' potential income in accordance with this opinion. The costs of this appeal are taxed to the Appellant, Alan Curtis Willis, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE