IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2003 Session

## LESLEY LAPOINTE WALKER v. KENNETH WAYNE WALKER

**Appeal from the Circuit Court for Davidson County**
**No. 01D-807      Muriel Robinson, Judge**

---

**No. M2002-02786-COA-R3-CV - Filed January 28, 2005**

---

This appeal involves a former husband's efforts to avoid paying spousal support. Less than one year after the parties' divorce, the husband filed a petition in the Circuit Court for Davidson County seeking to reduce his spousal support obligation because his income had decreased. He also unilaterally stopped paying spousal support. Following a bench trial, the trial court denied the former husband's petition to modify his support payments based on its conclusion that he was wilfully underemployed. The trial court also found the former husband to be in criminal contempt for wilfully failing to make five spousal support payments. The husband appeals. We affirm the trial court's conclusion that the former husband is wilfully underemployed and two of the five counts of criminal contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Modified in Part**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and ALAN E. GLENN, SP. J., joined.

James Robin McKinney, Jr., Nashville, Tennessee, for the appellant, Kenneth Wayne Walker.

D. Scott Parsley and Joshua G. Strickland, Nashville, Tennessee, for the appellee, Lesley Lapointe Walker.

### OPINION

### I.

On November 8, 2001, Kenneth Wayne Walker and Lesley Lapointe Walker were divorced in the Circuit Court for Davidson County. The parties stipulated that Mr. Walker had committed adultery and agreed upon a division of the marital estate. Based on the evidence regarding the duration of the marriage, Ms. Walker's medical condition, and other factors, the trial court ordered

Mr. Walker to pay Ms. Walker spousal support in the amount of $2,000 per month until her death or remarriage. Mr. Walker did not appeal the final divorce decree.

Mr. Walker was a partner in a mechanical engineering firm at the time of the divorce. He worked as a project manager, and his annual income was approximately $52,000. Shortly after the divorce, he sold his interest in the firm for a nominal amount and began driving an airport van. Taking his salary and tips into consideration, Mr. Walker now earns approximately $1,050 per month, or $12,600 per year. He also lives with his girlfriend, thereby avoiding any housing-related expenses.

On June 12, 2002, Mr. Walker filed a petition in the Circuit Court for Davidson County seeking a modification in his spousal support obligation. He asserted that he was earning substantially less income because he had been terminated from his job. After he failed to make his July and August spousal support payments, Ms. Walker filed a petition on August 23, 2002 seeking to hold him in criminal contempt for refusing to pay spousal support.[1]

By the time of the November 2002 hearing, Mr. Walker had also failed to pay spousal support in September, October, and November. During the hearing, he asserted that he was unable to pay the required spousal support and that he should be relieved of his future spousal support obligation because of the drastic reduction in his income. The trial court did not accredit his testimony that he was capable of earning only $12,600 per year. Accordingly, on November 8, 2002, the trial court found Mr. Walker guilty of five counts of criminal contempt and sentenced him to ten days in jail for each count. The trial court also concluded that Mr. Walker was voluntarily under-employed and declined to relieve him of his $2,000 per month spousal support obligation. Mr. Walker has appealed.

## II.
### MR. WALKER'S SPOUSAL SUPPORT OBLIGATION

We turn first to Mr. Walker's assertion that the trial court erred by declining to terminate or reduce his spousal support obligation. He claims that he has presented sufficient evidence regarding his current impoverished circumstances to warrant relief from the support obligation imposed in the November 2001 divorce decree. We disagree.

Once a divorce decree requiring the payment of spousal support becomes final, the spousal support obligation cannot be modified unless the person seeking the modification can demonstrate a material and substantial change in the parties' circumstances since the entry of the divorce decree. Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 2004); *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. Ct. App. 1991); *Brewer v. Brewer*, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993). As a general rule, in order for a circumstance to be material, it must not have been reasonably foreseeable when the divorce

---

[1] Ms. Walker had also filed an earlier contempt petition on March 11, 2002. The record contains no indication that she pursued this petition or that the court disposed of it.

decree was entered, *Bogan v. Bogan*, 60 S.W.3d 721, 728 (Tenn. 2001); *Lamberson v. Lamberson*, No. 2002-02773-COA-R3-CV, 2004 WL 170388, at *4 (Tenn. Ct. App. Jan. 27, 2004) (No Tenn. R. App. P. 11 application filed), and it must affect the obligor spouse's ability to pay or the obligee spouse's need for alimony. *Bowman v. Bowman*, 836 S.W.2d 563, 568 (Tenn. Ct. App. 1991).

The burden of demonstrating the existence of a substantial and material change in circumstances always rests on the party seeking the modification of the spousal support obligation. *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999). If the person seeking the modification carries his or her burden, the trial court must then use the factors set out in Tenn. Code Ann. § 36-5-101(d)(1)(E) to determine what the new support obligation should be. *Brewer v. Brewer*, 869 S.W.2d at 936; *Norvell v. Norvell*, 805 S.W.2d 772, 774 (Tenn. Ct. App. 1990).

The courts have already confronted circumstances in which a divorced spouse seeks to avoid his or her obligations to pay either spousal support or child support or both by quitting work, liquidating a business, or taking a lower paying job. This strategy usually fails because a spouse's support obligation is not measured by his or her actual income but rather by his or her earning capacity. Tenn. Code Ann. § 36-5-101(d)(1)(E)(i) (spousal support); Tenn. Comp. R. & Regs. r. 1240-2-4-.03(3)(d) (Dec. 2003) (child support).

We have made it clear that wilful and voluntary unemployment or underemployment will not provide a basis for modifying either spousal support or child support. *Watters v. Watters*, 22 S.W.3d at 823. When called upon to determine whether a person is wilfully and voluntarily unemployed or underemployed, the courts will consider the person's past and present employment and the reasons for the unemployment or the taking of a lower paying job. If a person's decision to accept a lower paying job is reasonable and made in good faith, the court will not find the person to be wilfully and voluntarily underemployed. *Willis v. Willis*, 62 S.W.3d 735, 738 (Tenn. Ct. App. 2001).

Determining whether a person is wilfully and voluntarily underemployed is a fact-driven inquiry requiring a careful consideration of all the attendant circumstances. *Ralston v. Ralston*, No. 01A01-9804-CV-00222, 1999 WL 562719, at *3 (Tenn. Ct. App. Aug. 3, 1999) (No Tenn. R. App. P. 11 application filed). Thus, this court reviews a trial court's determination regarding wilful and voluntary underemployment using Tenn. R. App. P. 13(d) and accords substantial deference to the trial court's decision, *Willis v. Willis*, 62 S.W.3d at 738; *Scott v. Scott*, No. M1999-00322-COA-R3-CV, 2001 WL 266038, at *4 (Tenn. Ct. App. Mar. 20, 2001) (No Tenn. R. App. P. 11 application), especially when it is premised on the trial court's singular ability to ascertain the credibility of the witnesses. *Lightfoot v. Lightfoot*, No. E2001-00106-COA-R3-CV, 2001 WL 1173297, at *6 (Tenn. Ct. App. Oct. 4, 2001) (No Tenn. R. App. P. 11 application filed).

Mr. Walker has failed to carry his burden of demonstrating that he is no longer capable of earning sufficient income to be able to pay Ms. Walker $2,000 per month in spousal support. The trial court obviously had problems with Mr. Walker's credibility, and we find no basis in the record to disagree. Mr. Walker's explanation regarding his decision to drive an airport van rather than working as a construction project manager simply does not ring true. Accordingly, we decline to

find that the trial court erred by concluding that he was wilfully and voluntarily underemployed or by dismissing his petition to terminate or modify Mr. Walker's $2,000 per month spousal support obligation.

## III.
### THE CONTEMPT SANCTIONS

Mr. Walker also takes issue with the trial court's decision to find him guilty of five counts of criminal contempt for wilfully failing to make his July, August, September, October, and November 2001 spousal support payments. We find this argument well taken in part on procedural grounds. Criminal contempt proceedings must be commenced with adequate notice to the person sought to be held in contempt. Tenn. R. Crim. P. 42(b). In this case, Mr. Walker received notice of only two allegedly contemptuous acts because Ms. Walker's petition to hold him in contempt mentioned only the non-payment of spousal support in July and August 2001. Because Mr. Walker did not have proper notice that he was facing criminal contempt findings for his wilfull refusal to pay his September, October, and November spousal support, his contempt convictions for these three acts must be vacated.

Mr. Walker also complains that the trial court should not have sentenced him to jail for wilfully failing to pay his spousal support in July and August 2001 because less drastic alternatives were available. Punishment for contempt should fit the offense, and the court against whom the offense is committed is in the best position to fashion an appropriate punishment consistent with the applicable legal principles. Accordingly, a trial court's use of its contempt power is discretionary, *Robinson v. Air Draulics Eng'g Co.*, 214 Tenn. 30, 37, 377 S.W.2d 908, 912 (1964), and an appellate court will review a trial court's contempt citation using the abuse of discretion standard. *Powell v. Powell*, 124 S.W.3d 100, 108 (Tenn. Ct. App. 2003). This record contains no basis for us to conclude that the trial court erred by ordering Mr. Walker to serve ten days in jail for each of his contemptuous acts.

## IV.
### FRIVOLOUS APPEAL DAMAGES

Ms. Walker asserts that Mr. Walker's appeal is frivolous and requests this court to award her damages in accordance with Tenn. Code Ann. § 27-1-122 (2000). Parties should not be forced to bear the cost and vexation of baseless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Young v. Barrow*, 130 S.W.3d 59, 66 (Tenn. Ct. App. 2003). Accordingly, in 1975, the General Assembly enacted Tenn. Code Ann. § 27-1-122 and explicitly authorized the appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. A frivolous appeal is an appeal that is so devoid of merit that it has no reasonable chance of succeeding. *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978); *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Determining whether to award these damages is a discretionary decision. *Banks v. St.*

*Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985). While we are singularly unswayed by Mr. Walker's protestations of penury, we have sustained his challenge to the validity of three of his five criminal contempt convictions. Accordingly, we decline to find that Mr. Walker's appeal is frivolous.

## V.

We affirm the portion of the judgment denying Mr. Walker's petition to modify or terminate his spousal support, and we modify the judgment for criminal contempt by vacating three of Mr. Walker's five contempt convictions. We remand the case for the entry of a modified contempt judgment and for whatever further proceedings may be required. We tax the costs of this appeal to Kenneth Wayne Walker and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.