IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs December 9, 2008

## JOSEPH ALAN PETERS v. SHARON OLENE (COATS) PETERS

**Direct Appeal from the General Sessions Court for Hardin County**
**No. 5825    Daniel L. Smith, Judge**

---

**No. W2007-02594-COA-R3-CV - Filed February 19, 2009**

---

The Wife in this divorce action takes issue with the grounds upon which the trial court granted the divorce, the distribution of marital property, the calculation of Husband's monthly income and the designation of life insurance.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Sharon Olene (Coats) Peters.

Dennis W. Plunk, Savannah, Tennessee, for the appellee, Joseph Alan Peters.

**MEMORANDUM OPINION**[1]

The parties to this action, Sharon Olene (Coats) Peters ("Ms. Peters" or "Wife") and Joseph Alan Peters ("Dr. Peters" or "Husband"), married, divorced and remarried in 1995.  In June 2004, Dr. Peters filed a complaint for divorce and Ms. Peters filed an answer and counterclaim.  The parties have two children, one having reached the age of majority when this action began.

The trial court declared the parties to be divorced pursuant to Tennessee Code Annotated § 36-4-129(b), determined the primary residential parent for the minor children, distributed the separate and marital property, including debts, and established child support to be paid by Dr. Peters.

---

[1]**Rule 10.  Memorandum Opinion**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

He was also ordered to pay to Ms. Peters rehabilitative alimony in the amount of $2,000 per month for 48 months.

Ms. Peters perfected a timely appeal and presents the following issues, as set forth in her brief, for our review:

I.      Whether the trial court erred by not awarding Appellant an absolute divorce from Appellee on grounds of adultery pursuant to Tennessee Code Annotated Section 36-4-101(a)(3)?

II.     Whether the trial court erred in the valuation of a portion of the parties' assets, thereby resulting in an inequitable division?

III.    Whether the trial court erred in its findings and calculation of Appellee's monthly income for purposes of child support and alimony?

IV.     Whether the trial court erred by not designating Appellant as beneficiary of the Appellee's life insurance policy, as trustee for the minor children?

This matter was tried before the trial court. Therefore, we review the trial court's findings of fact *de novo* upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Questions of law are reviewed *de novo* with no presumption of correctness. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744-45 (Tenn. 2002).

In her first issue, Wife argues that the trial court erred in failing to award the divorce to her on the grounds of Husband's adultery based on his admission to having an affair during the marriage. She argues that the trial court stated from the bench that "both parties admitt[ed] that they've had an extramarital relationship with somebody else . . . ." She argues that this was error because "the record indicates Appellee [Dr. Peters] was the only party who admitted adultery." However, when Ms. Peters was asked on cross-examination if she had had any affairs during this marriage she responded "Yes, sir, I have." We find no error on the part of the trial court in declaring the parties divorced and find this issue to be without merit.

Wife next takes issue with the trial court's evaluation of a portion of the parties' assets which she insists resulted in an inequitable division. Appellate courts give great weight to the decisions of the trial court in dividing marital assets and "we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results from some error of law or misapplication of statutory requirements and procedures." *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996). Trial courts are in a better position than appellate courts to observe the demeanor of the witnesses. Therefore, the weight, faith and credit to be given their testimony lies in the first instance with the trial court. *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). Therefore, where issues of credibility and weight of testimony are involved, this Court will

accord considerable deference to the trial court's factual findings. Wife was awarded the marital home which the trial court valued at $525,000. She contends that the trial court should have accepted her evaluation of $250,000. She also argues that Husband testified that it was worth $400,000. However, he actually testified that he felt it was worth at least $400,000 and noted that a bank had appraised the property in April of 2004 for $525,000.[2] Wife further contends that the trial court erred in valuing the parties' six horses at a total of $6,000. She testified that in her opinion the horses were worth $25,000, but she did not know how much the parties had paid for them. Husband testified that he paid $2,000 each for two mares and the other four offspring of these horses he valued at $1,000 each.[3]

Wife next contends that the trial court erred in accepting Husband's valuation of the furniture, appliances and household belongings as opposed to her valuation. When valuation evidence is in conflict, the court may place a value within the range of values represented by all of the relevant evidence. *Waters v. Waters*, 959 S.W.2d 585, 589 (Tenn. Ct. App. 1997). The valuation of a marital asset is a question of fact and is determined by considering all relevant evidence. If the evidence is conflicting, the trial judge may assign a value that is within the range of values supported by the evidence. As heretofore noted, we presume the trial court's factual determinations are correct unless the evidence preponderates against them. The trial court valued the marital estate at $1,247,235.20. The portion allocated to Husband was valued at $545,989.06 and to Wife at $701,246.14. In the final analysis the justness of a particular division of the marital property and allocation of marital debts is dependent upon its final results. *Morton v. Morton*, 182 S.W.3d 821, 834 (Tenn. Ct. App. 2005).

After reviewing this record, we do not find the evidence to preponderate against the trial court's findings regarding the valuation of the marital property nor do we find that the trial court abused its discretion in the award and have determined that the award resulted in an equitable distribution of the marital property.

Wife next contends that the trial court erred in calculating Husband's monthly income by taking the average of the last three years which were 2003, 2004 and 2005. She contends that the trial court should have averaged the ten preceding years due to the fact that his income was higher during the years 2000 and 2001. Thus, she argues that the trial court was presented with substantial proof to show that Husband was earning well below his income potential. Husband testified that in the past he had worked as much as 80 hours per week. However, he has added a good nurse practitioner to his practice which has allowed him to work fewer hours. Whether a party is willfully and voluntarily underemployed is a fact question, and the trial court has considerable discretion in its determination. *Willis v. Willis*, 62 S.W.3d 735, 738 (Tenn. Ct. App. 2001); *Eldridge v. Eldridge*, 137 S.W.3d 1 (Tenn. Ct. App. 2002). As heretofore noted, we defer to the trial court on matters of

_____

[2]Trial Exhibit 10 is an appraisal of this property prepared for the Hardin County Bank by Stanley G. Franks, a certified residential real estate appraiser, dated April 7, 2004.

[3]This would total $8,000 whereas the trial court valued the horses at $6,000.

credibility. Obviously the trial court did not find Dr. Peters to be willfully underemployed and we cannot say that the evidence preponderates against the trial court's finding on this issue.

Wife's final argument is that the trial court erred by not designating her as beneficiary of Husband's life insurance policy, as trustee for the minor children. Dr. Peters was ordered to maintain a $500,000 insurance policy with CNA insuring his life. The court ordered Husband to maintain this policy until the youngest child attains eighteen years of age with Husband to name as his beneficiary an individual of his choice as trustee for the benefit of the children. As support for her argument, Mother cites Tennessee Code Annotated § 36-5-101(i) which provides as follows:

> The court may direct either or both parties to designate the children as beneficiaries under any existing policies insuring the life of either party, and maintenance of existing policies insuring the life of either party, or the purchase and maintenance of life insurance and designation of beneficiaries.

Tenn. Code Ann. § 36-5-101(i)(Supp. 2008). Two of the children were minors at the time of trial, having been born March 15, 1991 and July 23, 1992. We believe the above statute gives the trial court the discretion to allow father to designate a beneficiary of his choice as trustee for the benefit of the children and find no abuse of that discretion. Furthermore, there is evidence in the record that Mother's money management skills leave something to be desired.

For the forgoing reasons, we affirm the judgments of the trial court. Costs of this appeal are taxed to the Appellant, Sharon Olene (Coats) Peters, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE