# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 28, 2011 Session

## JOHN AMBLER WIDENER v. STEPHANIE ELIZABETH WIDENER

**Direct Appeal from the Circuit Court for Davidson County**
**No. 08D-2061      Carol Soloman, Judge**

---

**No. M2010-02435-COA-R3-CV - Filed August 12, 2011**

---

Defendant Mother appeals the trial court's judgment naming Plaintiff Father primary residential parent, the award of child support, and assignment of debt.  We affirm in part, vacate in part, reverse in part and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, Vacated in part, Reversed in part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Jean N. Crowe, Nashville, Tennessee and T. Ryan Malone, Chattanooga, Tennessee, for the appellant, Stephanie Elizabeth Widener.

Russell E. Freeman, Goodlettsville, Tennessee, for the appellee, John Ambler Widener.

## MEMORANDUM OPINION[1]

    This is a divorce case.  Plaintiff/Appellee John Ambler Widener (Mr. Widener) and Defendant/Appellant Stephanie Elizabeth Widener (Ms. Widener) married in July 2003.  Two children were born of the marriage, a daughter in 2004 and a son in 2006.  In July 2008,

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Widener filed a complaint for divorce in the Circuit Court for Davidson County, alleging several grounds for divorce and seeking to be named primary residential parent of the parties' minor children. Ms. Widener answered and counter-complained in November 2008, also seeking an absolute divorce and to be named primary residential parent. Issues of child custody were hotly contested, and the matter was heard by the trial court on August 30, 2010.

The trial court entered the decree of divorce on October 19, 2010, declaring the parties divorced. The trial court named Mr. Widener primary residential parent and established alternate parenting time for Ms. Widener based on the agreement of the parties during the course of the litigation. For the purposes of calculating child support, the trial court established Ms. Widener's income to be $1,117.00 where Ms. Widener was not working full-time. The trial court found that Mr. Widener was not receiving overtime pay that he had previously received, and found his income to be $2,981.00 per month. The trial court ordered Mr. Widener to pay outstanding medical and housing bills in an unspecified amount, and $1,000 of the amount owed for a car that Ms. Widener used during the marriage. Following further proceedings on child support matters, the trial court entered final judgment on January 7, 2011. Ms. Widener filed a timely notice of appeal to this Court. On December 27, 2010, we granted Ms. Widener's motion to proceed as a poor person on appeal.

### Issues Presented

Ms. Widener presents the following issues for our review, as we re-state them:

(1)     Whether the trial court erred by naming Mr. Widener primary residential parent of the parties' minor children.

(2)     Whether the trial court erred in its finding regarding Mr. Widener's income.

(3)     Whether the trial court erred by ordering Ms. Widener to be responsible for the debt on the car she used during the marriage, less $1,000, when she did not possess the car after the parties' separation.

### Standard of Review

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Accordingly, we will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, however, with

no presumption of correctness. Tenn. R. App. P. 13(d). Our review of a trial court's application of the law to the facts is *de novo*, with no presumption of correctness. *State v. Ingram*, 331 S.W.3d 746, 755 (Tenn. 2011). Matters of child custody and visitation generally are within the broad discretion of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted). Similarly, the trial court's determinations on matters of witness credibility are accorded great deference. *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999). We will not re-evaluate a trial judge's credibility determinations unless they are contradicted by clear and convincing evidence. *Id*.

### *Discussion*

We turn first to whether the trial court erred in naming Mr. Widener primary residential parent. As noted above, the trial court has wide discretion on matters relating to child custody. Its determination on how to best allocate parental responsibility often turns on subtle factors which require the court to assess the credibility and demeanor of the witnesses. *E.g., Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997). We will not substitute our judgment for that of the trial court on these matters. *E.g., Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001). Rather, we will disturb a trial court's decision regarding parental responsibility only if it "falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Id*. Notwithstanding the trial court's broad discretion, its decision must be supported by the proof in the record and the applicable case and statutory law. *Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996). Tennessee Code Annotated § 36-6-106 sets out the factors which the trial court must consider when determining which parent will be named primary residential parent.

In her brief and in the trial court, Ms. Widener has alleged instances of physical abuse on the part of Mr. Widener toward herself and the children to support her assertion that she should be named primary residential parent. The trial court found:

> At the separation of these parties, there was domestic violence between both parties wherein each were physical with the other for which the [c]ourt finds no excuse and it was proper for the parties to separate and when [Ms. Widener] left the parties['] marital residence at the time of the separation, in October of 2007, [she] left the parties['] minor children in the primary care of [Mr. Widener].

The trial court engaged in the comparative fitness evaluation prescribed by the Code, and determined it was in the best interests of the minor children to remain in the primary care of Mr. Widener. Additionally, the trial court found that Mr. Widener was "a very credible

witness," that he had the support of his family to provide after-school care, and that Mr. Widener "has provided continuity in the children's lives" and "has been the stabilizing force in [their] lives." Upon review of the evidence in the record, we cannot say the evidence preponderates against the trial court's findings, or that the trial court abused its discretion. We affirm on this issue.

We next turn to Ms. Widener's assertion that the trial court erred by finding that Mr. Widener's income was $2,981.00 per month. In her brief, Ms. Widener asserts the trial court failed to take Mr. Widener's overtime pay into account when making its determination. She asserts that, although Mr. Widener did not earn overtime pay for the two weeks preceding trial, his overtime amounts should have been considered as Mr. Widener testified at trial that his overtime hours are "up and down."

The determination of a parent's income is a question of fact. *Willis v. Willis*, 62 S.W.3d 735, 739 (Tenn. Ct. App. 2001). Overtime pay is to be included in the calculation of a parent's income. Tenn. Comp. R. & Regs. R. 1240-02-04-.04(3)(a)(vi). "Variable income such as commissions, bonuses, overtime pay, dividends, etc. shall be averaged over a reasonable period of time consistent with the circumstances of the case and added to a parent's fixed salary or wages to determine gross income." Tenn. Comp. R. & Regs. R. 1240-02-04-.04(3)(b).

At the August 2010 hearing of this matter, Mr. Widener testified that he had not received overtime pay for the "[l]ast two weeks." When asked whether "it appear[ed] that the overtime is going to start back up," Mr. Widener replied, "[i]t always does." Mr. Widener testified that overtime was "up and down." He stated, "[a]t some point, we should pick back up."

In light of Mr. Widener's testimony and the requirements of the Child Support Guidelines, we agree that the evidence preponderates against the trial court's finding concerning Mr. Widener's income. We accordingly vacate the child support determination and remand to the trial court to include an average of Mr. Widener's overtime pay in its calculation of his income, and to recalculate the parties' child support obligations based on the revised amounts.

We finally turn to Ms. Widener's assertion that the trial court erred by ordering her to assume all but $1,000 of the debt remaining on the car she drove during the parties marriage. In her brief, Ms. Widener asserts that there was no basis for the court to order her to assume responsibility for all but $1,000 of the debt for the automobile where Mr. Widener testified that he did not allow her to take the car because it was in his aunt's name. At the trial of this matter, Mr. Widener testified that the vehicle was "in [his] aunt's name," that it

had been repossessed, and that payments in the amount of approximately $7,000 were owed on the vehicle. He testified that the vehicle was purchased to enable Ms. Widener to work, but that "if she was working, [they] would have more problems than anything else." Mr. Widener testified that the costs of gas and child-care cost more than Ms. Widener would earn. Mr. Widener concedes that he did not allow Ms. Widener to take the vehicle with her.

The final decree of divorce reflects that the court assigned this debt to Ms. Widener as part of its division of property. In essence, it assigned to Ms. Widener an amount equal to the remainder of the automobile debt, less $1,000. The trial court found that the parties' debt included medical bills for their children; credit card charges that primarily consisted of Christmas gifts for the children; pre-separation, past due apartment rent amounts; and the automobile debt on the car which Ms. Widener drove pre-separation. The trial court did not make findings with respect to the amounts of these debts, however. Mr. Widener testified at trial and reiterated in his brief that the parties' debt included medical bills in the amount of $240, and the record does not contain evidence of further debt. Thus, the trial court apparently assigned debt in the amount of $1,240 to Mr. Widener, and in the amount of $6,000 to Ms. Widener. The parties did not own real property, and they each were awarded the personal property currently in their possession.

The trial court must divide the marital estate equitably. Tenn. Code Ann. § 36-4-121(a)(1); *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App.1988). The factors to be considered by the trial court when dividing the marital estate are set forth in § 36-4-121(c) of the Tennessee Code. An equitable division of marital property does not require a precisely equal division of marital assets, but requires a fair result. *Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn.2002); *Batson*, 769 S.W.2d at 859. Additionally, the trial court may adjust the division of marital property to assist the economically disadvantaged spouse when there is a disparity between the parties' relative earning capacities. *Robertson*, 76 S.W.3d at 341. We review a trial court's property award under an abuse of discretion standard. *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002). An abuse of discretion occurs when the trial court applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on an assessment of the evidence that is clearly erroneous, or uses reasoning that results in an injustice. *State v. Hester*, 24 S.W.3d 1, 35 (Tenn. 2010).

In light of the equities between the parties, including their relative earning capacities and Ms. Widener's economic disadvantage relative to Mr. Widener, we find the assignment of debt in this case to be unsupported by the record. Ms. Widener did not have possession of the vehicle following the parties' separation, and, despite Mr. Widener's assertion that he did not allow Ms. Widener to take the vehicle because he feared she would not make the car payments, it was repossessed nonetheless. Further, the vehicle apparently was purchased by

Mr. Widener's aunt, and there is nothing in the record to demonstrate that Ms. Widener agreed to act as surety for the debt. Thus, we reverse the order assigning the vehicle debt to Ms. Widener.

### *Holding*

We affirm the trial court's judgment naming Mr. Widener primary residential parent. We vacate the child support determination and remand for a recalculation of child support based upon Mr. Widener's income, including average overtime pay. We reverse the assignment of debt to Ms. Widener. Costs of this appeal are taxed one-half to the Appellant, Stephanie Elizabeth Widener, and one-half to the Appellee, John Ambler Widener.

_____
DAVID R. FARMER, JUDGE